22-3355 Western Missouri, Ronald Ragan, Jr. v. Berkshire Hathaway Automotive Mr. Keenan, when you're prepared, please proceed. Good morning, and may it please the Court, Gregory Keenan, appearing on behalf of Appellant Ronald Ragan. I'd like to reserve four minutes, if I may. The order below committed three fundamental errors in holding Mr. Ragan's guest sheet uncopyrightable. First, the District Court conflated copyright law's originality standard with patent law's more demanding novelty standard. The District Court went hunting for uniqueness, but binding case law makes clear that neither uniqueness or novelty is required for copyrightability. Rather, all that's required is originality, which credits even creative choices that are crude, obvious, or quite humble. Second, the District Court applied a Copyright Office internal regulation to set the standard for Mr. Ragan's copyrighted guest sheet. And it did so in a way that contradicted the Constitution, the statute, and the Supreme Court's demand that originality sets the standard for copyright. Finally, the order misinterpreted Baker v. Selden, a Supreme Court case from 1879, and misread that case in a way that neither the Supreme Court nor this Court has ever construed Baker v. Selden as standing for and did so in a way that contradicts both the statute's originality requirement in Section 102A and the Supreme Court's subsequent clarification that originality, meaning that a work is not copied and that a modicum of creativity is exerted, sets the standard for copyrightability. For those reasons and those grounds alone, this Court could reverse and allow the District Court to apply the correct legal standard of copyrightability to the registered guest sheet. Counsel, in what way does the guest sheet convey information? Yes, Your Honor. So just as a threshold matter, I'd just like to stress that neither FICE nor 102A requires the conveyance of information, but the Utopia Court from the Eleventh Amendment conveys some information. Here, even that standard would be met. Utopia would be met because it conveys to a salesperson what questions to ask of a customer. It conveys what phrases to use, for example, referring to a customer as a guest as opposed to a customer. It would instruct the salesperson to ask specific questions in specific orders. And I'd just like to stress that the brand Does any blank do that? I mean, if you just label blanks on the page, you could construe that as instruction? So that concern was raised by Bibbro in the Ninth Circuit, that that's an overly broad standard. I think the Krigos Court in the Second Circuit addresses that, and then there's also some distinguishing features. So, first of all, in cases like Bibbro where that concern was articulated, it's interesting to note that there were depositions done with the sheet, and the record there revealed that certain questions were required by government regulations set by the American Medical Association. So, for example, that would be precluded because that's not a creative choice. The limiting principles are twofold as imposed by Feist. One, are the choices being made, are they being copied or are they being originally and independently created? But the limiting principle of Feist, and it's not a particularly stringent one, is the modicum of creativity. So, here, it's that Mr. Reagan is deciding which questions to ask, which questions not to ask, in the same way that the Krigos Court said readily satisfies Feist. Because in Krigos, there was a selection of nine fairly obvious baseball statistic categories, and the Court did some mathematics and realized choosing even nine of those categories, about which ones to include and not to include, is choosing from thousands of possible permutations. So, here, the creative choices about brevity in particular are important, because if someone's trying to sell a car on a car lot, you can only ask a customer, or in this case, a guest, so many questions before they get bored. It's readily distinguishable from other cases like medical forms, where if someone's asking a patient how tall they are, how they're asking that question isn't going to change a patient's in the art of the sale and try and seal the deal, trying to get a potential customer or client to pay as much money as possible, has to ask certain questions in certain ways, and that will actually change the nature of the response, which, Your Honor, goes to the question of, what is this conveying? It's conveying decisions about how to try and sell a car to a person, so that you're getting the optimal, or in this case, the phrase used is up to, you know, drive home today budget. So, there's all sorts of creative choices here that satisfy Feist's not particularly demanding standard of copyrightability. I'd also like to stress, the Copyright Office looked at this and applied its own CFRs and essentially didn't really bat an eye at it, because anyone familiar with copyright law would know this readily satisfies Feist. All that's required is a very minimal degree of Krigo's case, which really reconciled this blank form rule, which has somewhat dubious foundations. It looked at the Supreme Court's Feist decision, reconciled the Feist decision with the blank form rule, and didn't struggle to find a baseball form that asked about, you know, win-loss record and ERA and really straightforward, obvious stuff. Didn't struggle to say that's copyrightable. It may not be particularly impressive. It concluded that we cannot say as a matter of law that this, you know, form didn't satisfy the Feist standard and the 102A originality standard imposed by the statute. So, too, here. So, we do have a problem with the application of some categorical blank form rule. It's frankly not the law of the circuit. The Supreme Court has never adopted it. A handful of circuits have read Baker v. Selden and internal operating procedure as a way to construct this additional demand. We don't think that's legitimate, but we also think that even looking at Utopia and Krigo's interpretation of it, it readily satisfies those two tests. In the case of the Krigo's test, it satisfies it because it meets Feist and the 102A originality requirement. In the case of Utopia, it satisfies the blank form rule because it's conveying to a salesperson what questions to ask, what order to ask them and what questions not to ask, what phrases to use. I'd also just like to point out that the Copyright Office registered the work and purred the statute in Section 410C that creates a rebuttable presumption of copyright validity. We stress that our opponent didn't introduce any evidence to the contrary to overcome that presumption and that all the cases that our defendant relies upon, they were at a summary judgment posture and the records in those cases were either undisputed facts that indicated that the work had been copied from some other source or indicated that the creative decisions weren't actually creative because they were required either by a statute or some sort of preexisting medical code. And finally, on the bigger one, it's particularly interesting because What case says you can't use a legal argument to rebut that presumption? I think you could use a legal argument, but it would have to be applied to the facts. So Feist, in this Court's jurisprudence on originality, says there are two components. That it's creative and it can be very obvious and crude and humble as language. And two, that it's not copied. So whether or not someone copied something from another person, we probably wouldn't be able to determine that purely as a legal matter without some sort of As to creativity and other considerations, that's going to depend a little bit on the precise question we're asking. So sometimes a defendant will come in and argue, there's so much prior art that looks so similar to that. But they show up and actually produce examples of that. They don't just look at the sheet in isolation. So, for example, our opponent tries to make the argument that, you know, this is a run of a mill or industry standard, and yet they never introduce any sort of industry standard or example to kind of back that up. And more importantly, that would be a question that we'd have to look at at the time of creation, which per their certificate is in 1988. So even if it were commonplace today, we would have to know if it was commonplace at the time. We would have to know if Mr. Reagan copied it. We would have to know if it was so ubiquitous that in the case of Feist, for example, the Supreme Court said, well, we're not going to credit the choice to put a phone book in alphabetical order because that's the only way people put phone books, you know. It wasn't just that alphabetical order wasn't creative enough in the abstract. It was they were looking at particular industry standards with examples of decades of consistent use. So one of the difficulties here is we just think the district court, one, misapplied the standard. Two, repeatedly said he wasn't going to credit the selection of questions because they weren't unique or they were too similar to other cases, where this case in applied innovations. And the Supreme Court in Feist has made clear uniqueness is not a requirement. So that was improperly, as a matter of law, making legal error in discrediting that selection as a creative process. And then on top of it, it didn't engage in the type of analysis where you're looking at some sort of proof of industry standard. Or in the case of Bibereau, the creator, the doctor testified that he wasn't trying to convey information, that he was purely trying to record information. So we would submit that the district court and our opponent improperly discount the 410C registration, but also make a host of legal errors about the standard when they demand uniqueness for novelty or when they tell us that it's too similar without ever proving it or showing it to other things out there, to quote, unquote, industry standard. The Supreme Court and this Court have made clear that just independent creation and a modicum of creativity in the selections akin to Kriegos. And so even being similar to prior art, that's a patent consideration. It's an error of law to discount those similarities just because another work might be similar out there. And the Supreme Court in Feist and this Court in applied innovation, I think, has been clear on that matter. Unless the Court has more questions, I'll rest. Thank you, Counsel. Thank you very much. Mr. Schlesbaum. May it please the Court. My name is Ryan Schlesbaum from the law firm Shook, Hardy & Bacon. On behalf of the appellee Berkshire Hathaway Automotive, Inc. and with me today is Michael Hayes. The Western District of Missouri correctly found that Mr. Reagan's single-page customer intake form, consisting of less than 100 words, was not copyrightable because it is a blank form that does not convey any information. The Court applied the Supreme Court's precedent from Feist to determine that the headings and prompts lack originality and creativity. Just like the telephone book in Feist, the form here has headings and categories that are obvious, garden-variety questions that would be asked by any car salesperson, including name and address, telephone number of a prospective buyer, as well as the make, model, and trade-in value of their trade-in car. All of these questions or prompts are routine and all is evident from the examination of the form. Importantly, counsel argues that the form instructs the sale of a car and how a car salesman would go about profiting from a sale. If you look at the four corners of the document, which is what we argue here is relevant, it's in Appendix 38, there are no instructions. There are no indications that a sales representative should refer to the customer as a guest or should actually use the language in the form itself. Rather, it just provides blank space for recording factual information that's recorded during the sale. This is the same as the Feist case. There are no instructions. Counselor, is that to say this case was decided on the pleadings and at the pleading stage? That's correct, Your Honor. It was set as a Rule 12c motion. There was no discovery or any further proceeding beyond the pleadings? That's correct, Your Honor. We actually filed the motion for determination of invalidity on the blank form doctrine as a Rule 12b6 motion out of the very early stages of the case. The court denied that without prejudice and invited us to refile the motion as a Rule 12c motion. The case pended during the pandemic, so discovery did not proceed and the parties amicably agreed to extend the discovery deadline. But neither side presented any evidence to the contrary. So what's your view of the effect of the Copyright Office's grant of a certificate for this document? What does that do to this case? That's in the record, that's before the judge, that there's a presumption that there's a valid copyright? Correct, Your Honor. And we acknowledge this, the district court acknowledged this in his order as well, that under 17 U.S.C. 410c, the registration of the copyright is a prima facie evidence of validity. But that same paragraph goes on to say that the district court is afforded discretion in how much evidentiary weight to afford that prima facie finding here. And it's our view that because we're not challenging whether Mr. Reagan copied this form, at least at this stage of the case, we're challenging whether as a matter of law this is subject matter copyrightability, that prima facie burden doesn't give deference. Instead, it's the reliance upon the law applied to the form at issue here. And if you apply the law, just like the 11th Circuit did in the Utopian case, it's very clear that the information, in order to show some modicum of creativity under Feist, it must convey some information. It must be more than just a place to record data. And that's exactly what this form does, just like the medical history form in Utopia did. Well, isn't there some utility to describing the customer as a guest as opposed to a customer? Respectfully, Your Honor, we don't know. Frankly, I don't know if that has value or not. Well, wouldn't that be something that would need to be litigated, that go past the pleadings to where there's discovery to indicate that there's a basis for having choices in the terms that were actually placed on the form? I don't believe so, Your Honor. And first of all, I don't believe utility is the test. And so whether or not calling somebody a guest results in a higher sales value of the car isn't the test for copyright protection. As counsel points out, the test is originality and creativity under Feist. So the issue of whether or not guest is actually a creative expression isn't really necessary to determine utility. But moreover, simple words and phrases like guest and comprising and these simple phrases aren't subject to written expression under 102A anyway. And so determining whether or not Mr. Reagan, in fact, came up with the idea of using guest and instructed salespeople to use that word is not the issue of copyrightability here today. It's whether the document that we have before us is sufficiently creative such that it can be found to be original and warrant copyright protection. We deposit it's not. The other reason is that counsel says that we should look to Feist and the choices that were made and see the moniker of creativity. And somehow the district court erred by not applying Feist. I would disagree. If you look at Feist, the standard articulated there is that it simply has to be an original work of authorship with some modicum of creativity. If you look at what the district court said in its decision at Appendix 306, and I quote, the standard applied here is a work must be original to the author and it must possess some minimum level of creativity. That is the Feist standard. The district court did apply that standard. And later at Appendix 309, the court actually cites to Feist in its decision. So the notion that we're creating some multi-factor test that's different from what the Supreme Court articulated is simply not true. He applied Feist and went through the factors to determine whether or not the content, the selection, and the arrangement of information on the guest sheet was in fact original or creative to warrant copyright protection. And he analogized it to the actual form in the Utopia case and finding it did not warrant protection. Now, counsel says that, well, maybe the selection of questions conveys information because if we put certain information on a form, that should necessarily prompt a salesman in this case to ask those questions. This is the exact issue that Bibiro decided against. Bibiro recognized that a form, by its nature, is going to include certain requests and omit certain requests. In doing so, it picks what it believes to be informative or instructive. That doesn't meet the standard of whether or not it conveys information. Otherwise, it would simply swallow the rule. Every form, by its nature, has some information included and some excluded. We can't simply say it's creative because it excluded certain information at the expense of others. Well, counsel, I think you've partly answered this question already, but is there guidance that you can give to this court as to where the line is between a form that conveys information and one that's merely reactive? That's a great question. In fact, I think the answer to that is actually found in Appellant's case in Kregos. Kregos grappled with this decision as well. How do we know whether something conveys information? The answer is whether or not the information or the expression that's in the document is so obvious that the headers could not be considered creative. We look at the language that's used and the information that's requested and determine whether or not it actually is obvious to one looking at the form. Here that's simply self-evident. We don't need to have evidence of somebody asking for what is the trade-in value of a car, what is your budget when you go in to buy a car. I was wrestling with that a little bit because on one hand it does seem like obvious questions and I know it's always risky to use your own personal experiences, but I've bought a handful of cars and I haven't had half of these questions asked of me. So I wonder if it's really that obvious or not. Yeah, but I think that's fair. I mean maybe it's not obvious to you or maybe obvious, but it certainly was obvious to Judge Sachs and I don't know that we need to disturb that decision. You know, at the end of the day if the issue is we need to take a factual finding to show that the questions here are asked, I think that we certainly would. I think that would be a waste of the party's time because essentially what it would ask for us is to put into the record evidence of what every salesman typically does is to ask what is your name and address and phone number and how much are you willing to spend on a car. You know, I mean you say that and it does seem obvious, but I don't think I've ever been asked what my address was until maybe I was sitting down to actually buy the car. Yeah, and the other point is the same debate happened in Utopia, right? In that case the question is, well, we have a medical examination form that has all of these boxes and information about potential symptoms and maybe the doctor asks all those all the time and maybe they don't. But yet the court says it seems obvious that if you're going to take a medical examination at least these are the types of questions you would ask. It's not inherently creative to put that on a form and say this is something that has the spark of modicum of creativity that warrants the exclusive right to ask those questions on this form, which is what they're asking for here. There are other cases beyond Utopia that we've pointed to that I think are instructive to the court, but I think I want to point out to the blank form doctrine. You know, counsel argues that Baker v. Selden is not good law or that no courts have ever adopted this notion that blank forms are uncopyrightable. I think that's not quite correct. Certainly there's been criticism, maybe fair criticism of Baker v. Selden, but if you look at the decision from the Supreme Court in 1879, it says, and I quote, blank account books are not subject to copyrights. That's the direct language in quote from Baker v. Selden. Now there's further language in Baker v. Selden that talks about the idea versus expression dichotomy. Does it matter that that was quite a few decades prior to the Copyright Act? Sure, so the Copyright Act, and I'm not going to go through the history of the Act here with you all today, it has changed. There have been amendments and changes made to the Act, but I don't think it matters in the sense that the underlying idea of originality has always been the same. And so the fact that Congress has never enacted language to the effect to support Baker v. Selden, at least not in 102A, doesn't mean it's not good law. And in fact, the issue that the Copyright Office now includes this in their own regulations suggests that it is in fact the standard for copyright as it applies to blank forms. Council pointed out that the regulation in 2021C says that blank forms, and it lists certain examples such as account books and checkbooks, are not copyrightable so long as they do not convey information. And that's the standard we're asking to be applied here. And I think it's the standard that our sister circuits have applied in the Eleventh Circuit, the Sixth Circuit, and the Ninth Circuit. All of those cases are cited in the briefing, but Bibaro is in the Ninth Circuit, and then we have Utopia in the Eleventh Circuit. And then the other cases, the Taylor case in the Sixth Circuit, as well as the checkbook case of John Harlan. So the issue then is how do we reconcile the decision in Feist on originality with the blank form doctrine that's been adopted by these circuits? And I think the answer is simple. The originality issue is still the threshold question. Feist never addressed how do we apply that to a blank form. It applied it in the context of a phone book where facts were not copyrightable. Potentially compilations of facts are copyrightable, but in that instance it said that the selection of the information for the headings and what to include in the phone book was so obvious that it was almost— let me make sure I get the language correct here— expected as a matter of course and almost practically inevitable. I think the same truth from Feist could be applied to the language that's in the guest sheet that we're talking about today. Practically inevitable as expected as a matter of course that one would ask for the name of a buyer and what they're willing to spend on a car. So in conclusion, I think the Court can affirm the District Court's decision below for several reasons. The District Court did not err in applying the correct standard of copyrightability. It cites to and applies the standard of Feist. And it correctly found that Mr. Reagan's form was a blank form because it lacked originality and creativity. It simply asked routine questions that may have been—any salesman would ask. And as such, the form did not convey information and therefore is not copyrightable. This is supported by decisions outside of this circuit and the 11th Circuit, 9th Circuit, and 6th Circuit. And to the extent the Court is concerned about resolving this issue on a Rule 12c motion, in our briefing we provide to the Court at least five examples where courts have ruled on a subject matter of copyrightability at the Rule 12 stage, whether it be a Rule 12c motion or a Rule 12b6 motion. Those are in the briefing and I can highlight those to you all now. But there are certainly great examples of courts making that decision at this stage. We have two decisions from the 9th Circuit in Moore v. Kroger in Powell Martial Arts and then one decision from the 10th Circuit in the District of Kansas, which is the Sheplers-Kellogg case. And then the final one is from the Southern District of New York in Juneau's Marketing. In all of those cases, the decision was made on the Rule 12 phase of the case whether or not something was eligible for copyright protection under the blank form rule. And in all those cases, it was decided in favor of the defendant. But moreover, even if we had to get to the summary juncture stage, if you look at the authority we've cited, by and large, those decisions are made applying the law to the facts that are undisputed, as you must under Rule 56. And so even if you look at the Bibaro decision or Tastefully Simple in the 6th Circuit, it may have been decided on some factual basis, but those facts were uncontested, such that a decision could be made as a matter of law. Here, there's no contest as to what the form says. We're not challenging the language on the document. And largely, there's no issue with what, at least at this stage, who was the original author. So you don't challenge that the form has been copied? Not at this point, Your Honor. Certainly, we reserve those defenses to the extent that was necessary. But we believe that the issue of copyrightability was fundamental, such that it should be resolved at the first level of review. And finally, I think there was some indication, I apologize, I just had a fleeting thought. Unless the Court has any further questions, I think we can affirm this decision and respectfully request that this Court affirm the Western District of Missouri. I see none. Thank you, Mr. Schlatzbaum. Mr. Keenan, you were ready. I'd like to begin just quickly with that question about whether this is obvious. So there's a lot of speculation about what might be obvious or not be obvious. The problem is this highlights a central flaw. This is an order replete with legal errors. This Court has made clear that ingenuity in the selection or expression, no matter how crude, humble, or obvious, will be sufficient to make the work copyrightable. We shouldn't be asking questions about whether something is novel or unique or obvious because this Court and the Supreme Court have made clear those are irrelevant considerations to a proper application of the copyright standard. That's in this Court's Applied Innovations Decision. It's at 876 F.2D 626, page 635 from this Court in 1989. And that's not a one-off. This Court has consistently held, in accordance with other courts, that, quote, originality does not constitute novelty or uniqueness, but simply that the work be independently created. I'm fairly certain I just heard that they're not challenging that this was independently created at this stage. So the problem is we just have a Court that applied a whole bunch of improper considerations about uniqueness and novelty, and now we're here today arguing about whether or not something is obvious when binding law from this Court tells us that it doesn't matter if the selection is obvious. It matters if it's independently made. Just as one – Counsel, you would agree that something could be independently made and still not be original, not meet the originality requirement, the Copyright Act? That's correct, Your Honor. FISA has clarified that there's two requirements. One is that it's independently created. The other is that there is an iota of creative decision. But I think if you look to the Krios case, even when courts are applying the blank form rule, no one's struggling to recognize that a selection of somewhere, you know, even as small as nine categories, passes what's notoriously labeled a famously low standard. And I would just like to stress that this Court has said that selection and combination of expressions, no matter how crude, humble, or obvious, you know, meet that bar. I'd also like to quickly touch on Baker v. Selden. We're not saying Baker v. Selden is not good law. It's that courts, including this Court, have interpreted Baker v. Selden for standing for the unremarkable proposition that Section 102B has codified what is called the idea-expression distinction. The problem is FISA's clarified that it's 102A, not 102B of the statute that sets forward originality. And this Court has not minced words. In Toro, it said, quote, Section 102B does not answer the question of whether appellant's particular expression of an idea is copyrightable. That's at Toro v. R&R Products, 787F.2D, 1208, page 1212, 8th Circuit, 1986. The problem isn't that they applied Baker v. Selden. It's that Baker v. Selden, as this Court and the Supreme Court in FISA recognize, that all Baker v. Selden is doing is, in 102B, enshrining the idea-expression dichotomy, which means Mr. Reagan can't come in and tell you he owns a patent-like monopoly in the idea of using a guest sheet at all. It's just he's saying this defendant can't copy my particular guest sheet and use my particular questions and my particular expression. They've got to go make their own, or they can license it. That's pretty table-six. We're not saying Baker v. Selden is bad law. We're just saying this Court and the Supreme Court have never identified or interpreted Baker to stand for some sweeping categorical proposition that a whole class of works is not copyrightable. I'd finally like to just touch on the policy considerations. The Supreme Court's been clear, as recently as the Warhol decision from this year, that a court should not attempt to evaluate the artistic significance of a particular work and elsewhere that it is not the job of a court interpreting the act to go engage in a free-ranging search for the best copyright policy. Courts are not at liberty to second-guess the Congress's determination of policy decisions. Here, Congress made a decision to give an incredibly broad and – do you mind if I just finish the sentence? Completely small. Thank you very much. An incredibly broad and permissive property right, and then make a whole bunch of carve-outs to concerns about over-breath, but it is the Congressional decision to create broad and permissive property rights under Feist and 102A's originality requirement and leave it to the free market and the public to determine the worth of a work. We shouldn't be sitting around judging whether or not – this is something that a car salesman would obviously ask someone. So, respectfully, we would ask for this Court to reverse for application of the wrong legal standard in contradiction of binding case law from this Court. Thank you, Mr. Keenan. Thank you very much, Your Honors. We'll thank both counsel for participation in arguing it before the Court this morning. We'll continue to wrestle with the record and do the best we can with the decision in due course. Thank you.